(R.D. 11738)

NEW YORK MERCHANDISE CO., INC. v. UNITED STATES

(Decided March 25, 1971)

*Stein & Shostak* (*S. Richard Shostak* of counsel), for the plaintiff.

*L. Patrick Gray, III*, Assistant Attorney General (*Susan Cassell* and *Morris Braverman*, trial attorneys), for the defendant.

MALETZ, Judge: The merchandise involved in the two cases consolidated for trial consists of travel clock radios manufactured by Nanao Radio Co., Ltd., exported from Japan by SSS Limited, and imported by plaintiff into the United States through the port of San Diego, California, in 1968. The merchandise was invoiced at ex-factory unit prices and, as required by the customs officials at San Diego, it was entered at its total f.o.b. value, with no deductions for inland charges or for buying commissions.

The merchandise was appraised on the basis of its ex-factory unit prices as invoiced, plus charges marked "X", which charges included the inland charges and the buying commissions appearing on the invoices. Plaintiff contends that the ex-factory prices set forth on the invoices represent the merchandise's export value under section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.[1]

Plaintiff claims that at the times of the exportations of these clock radios, this merchandise was freely offered and sold at the ex-factory invoice unit values set forth therefor on the invoices and that the buying commissions of SSS Limited shown on the invoices are bona fide, non-dutiable buying commissions. Defendant has requested that it be relieved from filing a brief herein. This request (which has been allowed by the court) was made by defendant for the stated reason that it agrees, in view of the record made herein, that plaintiff's claims—that the imported merchandise was freely offered to all purchasers at ex-factory prices and that the buying commission is a non-dutiable charge—are correct.

On the basis of the record and the concession thus made by defendant, the court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. The merchandise involved herein consists of clock radios, manufactured by Nanao Radio Co., Ltd., and exported from Japan during March and April 1968.

2. The merchandise is not included on the Final List published by the Secretary of the Treasury, 93 Treas. Dec. 14, T.D. 54521.

3. The involved merchandise was entered at the invoiced ex-factory prices, including packing, plus charges for inland freight, insurance premium (from godown to on board), storage, hauling and lighterage, insurance, petties, and buying commission.

---

[1] It was stipulated at the trial of these cases that the importations were not on the Final List and that export value is the proper basis of appraisement.

4. The merchandise was appraised on the basis of export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, at the invoiced ex-factory prices, plus the charges marked "X", which included all the charges for inland freight, storage, insurance premium (from godown to on board), storage, hauling and lighterage, insurance, petties, and buying commission.

5. SSS Limited acted in the capacity of a bona fide buying agent for plaintiff under a written agreement, pursuant to which SSS Limited performed the required services and was compensated therefor up to 8 percent of the invoiced ex-factory prices, no part of which inured to the benefit of Nanao Radio Co., Ltd.

6. During the period involved herein, the importer purchased the merchandise at bar at ex-factory prices and employed its own agent, SSS Limited, to pick up this merchandise at the factory and arrange for its shipment to the United States.

7. On or about the dates of exportation, these clock radios were offered and sold in Japan in the ordinary course of trade at ex-factory prices.

## Conclusions of Law

1. Export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise involved herein.

2. In view of the fact that the appraisements were made at the invoiced unit ex-factory prices, plus charges for inland freight, storage, hauling and lighterage, insurance, petties, and buying commissions, they are separable; the invoiced ex-factory unit prices are clothed with a presumption of correctness, and the burden of the challenging party is limited to showing that the merchandise was in fact sold, or offered for sale, on an ex-factory basis.

3. Plaintiff has sustained the burden of establishing that the merchandise was sold, or offered for sale, in the ordinary course of trade on an ex-factory basis at prices which did not include the bona fide buying commission or the other disputed charges.

4. The invoiced unit ex-factory prices, exclusive of any charges added by the appaiser, represent the export value of the clock radios involved herein.

Judgment will be entered accordingly.